IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
HELENA DIVISION

| | |
|---|---|
| BRADLEY V. JACKSON, | CV 18-00001-H-DLC-JTJ |
| Plaintiff, | |
| vs. | ORDER AND FINDINGS AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE |
| MONTANA STATE PRISON, WARDEN MICHAEL FLETCHER, MARRISA BOSTWICK and TIFFANY MORRISON, | |
| Defendants. | |

Plaintiff Bradley Jackson filed a Complaint alleging his constitutional rights were violated when he was forced to choose between school and church.  (Doc. 2.) While Mr. Jackson does not have a constitutional right to education, if other inmates were allowed to leave school to attend religious ceremonies and that option was denied to Mr. Jackson, he has potentially stated an equal protection and/or First Amendment claim.  Defendants Fletcher, Bostwick, and Morrison will be required to respond to these claims.  Montana State Prison and Mr. Jackson's due process claim will be recommended for dismissal.

## I.  SCREENING PURSUANT TO 28 U.S.C. §§ 1915, 1915A

Mr. Jackson is a prisoner proceeding in forma pauperis so the Court must review his Complaint under 28 U.S.C. §§ 1915, 1915A.  Sections 1915A(b) and

1

1915(e)(2)(B) require the Court to dismiss a complaint filed in forma pauperis and/or by a prisoner against a governmental defendant before it is served if it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.

A complaint is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). "A case is malicious if it was filed with the intention or desire to harm another." *Andrews v. King*, 398 F.3d 1113, 1121 (9th Cir. 2005). A complaint fails to state a claim upon which relief may be granted if a plaintiff fails to allege the "grounds" of his "entitlement to relief." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quotation omitted). Rule 8(a)(2) requires a complaint to "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted).

Rule 8 of the Federal Rules of Civil Procedure provides that a complaint "that states a claim for relief must contain . . . a short and plain statement of the claim showing that the [plaintiff] is entitled to relief." Fed.R.Civ.P. 8(a)(2). In order to satisfy the requirements in Rule 8 a complaint's allegations must cross "the line from conceivable to plausible." *Ashcroft v. Iqbal*, 556 U.S. 662, 680 (2009).

There is a two-step procedure to determine whether a complaint's allegations cross that line. *See Twombly*, 550 U.S. at 556; *Iqbal*, 556 U.S. 662. First, the Court must identify "the allegations in the complaint that are not entitled to the assumption of truth." *Iqbal*, 556 U.S. at 679, 680. Factual allegations are not entitled to the assumption of truth if they are "merely consistent with liability," or "amount to nothing more than a 'formulaic recitation of the elements' of a constitutional" claim. *Id.* at 679, 681. A complaint stops short of the line between probability and the possibility of relief where the facts pled are merely consistent with a defendant's liability. *Id.* at 678.

Second, the Court must determine whether the complaint states a "plausible" claim for relief. *Iqbal*, 556 U.S. at 679. A claim is "plausible" if the factual allegations, which are accepted as true, "allow[ ] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. This inquiry is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679 (citation omitted). If the factual allegations, which are accepted as true, "do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not "show[n]"—"that the pleader is entitled to relief." *Id.* (*citing* Fed.R.Civ.P. 8(a)(2)).

"A document filed *pro se* is 'to be liberally construed,' and 'a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.' " *Erickson v. Pardu*, 551 U.S. 89, 94 (2007); *cf*. Fed. Rule Civ. Proc. 8(e) ("Pleadings must be construed so as to do justice").

## II.  STATEMENT OF THE CASE

### A.    Parties

Mr. Jackson is a state prisoner proceeding without counsel.  He is proceeding in forma pauperis.  He is incarcerated at Montana State Prison.

Mr. Jackson names the following Defendants:  Montana State Prison ("MSP"), Warden Michael Fletcher, Marrisa Bostwick and Tiffany Morrison. (Complaint, Doc. 2 at 5.)

### B.  Allegations

Mr. Jackson alleges that on multiple occasions he was told he could not go to church if he wanted an education.  He claims Defendants forced him to choose between school and church.  (Doc. 2 at 6.)  Mr. Jackson attached a letter to his Complaint wherein he explains he was not allowed to take part in his ceremonial religious right (pipe ceremony) while in school.  He claimed the prison education instructor placed him in a position of choosing either school or his religious

4

activities.  He alleges he was forced to make this choice while the instructor gave

special permission for others practicing a different religion the freedom to attend

both education and their religious ceremonies.  (Doc. 2-1.)

## III.  ANALYSIS

### A.  Montana State Prison

Montana State Prison is a state agency protected from monetary damages by

immunity under the Eleventh Amendment to the United States Constitution.  The

United States Supreme Court has interpreted the Eleventh Amendment to mean

that absent waiver, neither a State nor an agency of the State acting under its

control may "be subject to suit in federal court."  *Puerto Rico Aqueduct & Sewer*

*Authority v. Metcalf & Eddy, Inc.*, 506 U.S. 139, 144 (1993).  Montana State

Prison is not a proper defendant in this action and should be dismissed.

### B. Due Process

Mr. Jackson lists a Fourteenth Amendment Due Process claim in his

Statement of Claims.  (Doc. 2 at 6.)  The Due Process Clause protects against the

deprivation of liberty without due process of law.  *Wilkinson v. Austin*, 545 U.S.

209, 221 (2005).  In order to state a cause of action for a deprivation of due

process, a plaintiff must first identify a liberty interest for which the protection is

sought.  *Id.*  The Due Process Clause does not confer a liberty interest in freedom

from state action taken within a prisoner's imposed sentence. *Sandin v. Conner*, 515 U.S. 472, 480 (1995). A prisoner has a liberty interest protected by the Due Process Clause only where the restraint "imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Keenan v. Hall*, 83 F.3d 1083, 1088 (9th Cir. 1996) (*quoting Sandin*, 515 U.S. at 484).

The due process clause of the United States Constitution does not create a liberty interest in prison education or rehabilitation classes. *Hernandez v. Johnston*, 833 F.2d 1316, 1319 (9th Cir. 1987) *citing Rizzo v. Dawson*, 778 F.2d 527, 531 (9th Cir. 1985). As such, Mr. Jackson failed to state a due process claim and this claim should be dismissed.

### C.  Remaining Claims

The Court has considered whether the remainder of Mr. Jackson's Complaint is frivolous, malicious, fails to state a claim, or seeks solely monetary relief from a defendant who is immune. *See* 28 U.S.C. §§ 1915(e)(2), 1915A(b). It has also considered whether Mr. Jackson has a reasonable opportunity to prevail on the merits. *See* 42 U.S.C. § 1997e(g). Dismissal is not appropriate at this time. Defendants must respond to Mr. Jackson's claims that his First Amendment and Equal Protection rights were violated by Defendants. *See* 42 U.S.C. § 1997e(g)(2) (while Defendants may occasionally be permitted to "waive the right to reply to

6

any action brought by a prisoner confined in any jail, prison, or other correctional facility under section 1983," once the Court has conducted its sua sponte screening pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A(b), and thus, has made a preliminary determination based on the face on the pleading alone that plaintiff has a "reasonable opportunity to prevail on the merits," Defendant is required to respond).

Based on the foregoing, the Court issues the following:

## ORDER

1.  Pursuant to Fed. R. Civ. P. 4(d), the Court will request Defendants to waive service of summons of the Complaint by executing, or having counsel execute, the Waiver of Service of Summons.  The Waiver must be returned to the Court within 30 days of the entry date of this Order as reflected on the Notice of Electronic Filing.  If Defendants choose to return the Waiver of Service of Summons, their answer or appropriate motion will be due within 60 days of the entry date of this Order as reflected on the Notice of Electronic Filing, pursuant to Fed. R. Civ. P. 12(a)(1)(B).  *See also* 42 U.S.C. § 1997e(g)(2).

2.  The Clerk of Court shall e-mail the following documents to Legal Counsel for the Montana Department of Corrections:

   \*      Complaint (Doc. 2);

7

    *      this Order;
    *      a Notice of Lawsuit & Request to Waive Service of Summons; and
    *      a Waiver of Service of Summons.

Counsel for the Montana Department of Corrections will not be served with a hard copy of these documents.

3.  Any party's request that the Court grant relief, make a ruling, or take an action of any kind must be made in the form of a motion, with an appropriate caption designating the name of the motion, served on all parties to the litigation, pursuant to Federal Rules of Civil Procedure 7, 10, and 11.  If a party wishes to give the Court information, such information must be presented in the form of a notice.  The Court will not consider requests made or information presented in letter form.

4.  Mr. Jackson <u>shall not</u> make any motion for default until at least 70 days after the date of this Order.

5.  Pursuant to Local 26.1(d) "no party may begin discovery until a scheduling order has been issued."

6.  At all times during the pendency of this action, Mr. Jackson must immediately advise the Court and opposing counsel of any change of address and its effective date.  Failure to file a Notice of Change of Address may result in the dismissal of the action for failure to prosecute pursuant to Fed.R.Civ.P. 41(b).

8

Further, the Court issues the following:

## RECOMMENDATIONS

1.  Mr. Jackson's due process claims should be dismissed.

2.  Montana State Prison should be dismissed as a defendant.

## NOTICE OF RIGHT TO OBJECT TO FINDINGS & RECOMMENDATIONS AND CONSEQUENCES OF FAILURE TO OBJECT

Mr. Jackson may file objections to these Findings and Recommendations within fourteen (14) days after service (mailing) hereof.[1]  28 U.S.C. § 636.  Failure to timely file written objections may bar a de novo determination by the district judge and/or waive the right to appeal.

This order is not immediately appealable to the Ninth Circuit Court of Appeals.  Any notice of appeal pursuant to Fed.R.App.P. 4(a), should not be filed until entry of the District Court's final judgment.

DATED this 1st day of August, 2018.


　　　/s/ John Johnston
　　　John Johnston
　　　United States Magistrate Judge

---

[1] Rule 6(d) of the Federal Rules of Civil Procedure provides that "[w]hen a party may or must act within a specified time after being served and service is made under Rule 5(b)(2)(C) (mail) . . . 3 days are added after the period would otherwise expire under Rule 6(a)."  Therefore, since Mr. Jackson is being served by mail, he is entitled an additional three (3) days after the period would otherwise expire.

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
HELENA DIVISION

| | |
|---|---|
| BRADLEY V. JACKSON,<br><br>   Plaintiff,<br><br>  vs.<br><br>MONTANA STATE PRISON, WARDEN MICHAEL FLETCHER, MARRISA BOSTWICK and TIFFANY MORRISON,<br><br>   Defendants. | CV 18-00001-H-DLC-JTJ<br><br><br>Rule 4 Notice of a Lawsuit and Request to Waive Service of Summons |

TO: Legal Counsel for the Montana
  Department of Corrections
  P.O. Box 201301
  Helena, MT 59620-1301

  A lawsuit has been filed against individuals you may represent in this Court under the number shown above.  A copy of the Complaint (Doc. 2) is attached.

  This is not a summons or an official notice from the court.  It is a request that, to avoid the cost of service by the U.S. Marshals Service, you waive formal service of a summons by signing and returning the enclosed waiver.  To avoid these expenses, you must file the signed waiver within 30 days from the date shown below, which is the date this notice was sent.

  If you file the signed waiver, the action will then proceed as if Defendants

1

were served on the date the waiver is filed, but no summons will be served on

Defendants and they will have 60 days from the date this notice is sent (see the date

below) to answer the Complaint.

   If you do not return the signed waiver within the time indicated, the Court

will order the U.S. Marshals Service to serve the summons and Complaint on

Defendants and may impose the full costs of such service.

   Please read the statement below about the duty to avoid unnecessary

expenses.

   DATED this 1st day of August, 2018.


   _____*/s/ John Johnston*_____
   John Johnston
   United States Magistrate Judge

2

**Duty to Avoid Unnecessary Expenses of Serving a Summons**

Rule 4 of the Federal Rules of Civil Procedure requires certain defendants to cooperate in saving unnecessary expenses of serving a summons and complaint.  A defendant who is located in the United States and who fails to return a signed waiver of service requested by a plaintiff located in the United States will be required to pay the expenses of service, unless the defendant shows good cause for the failure.

"Good cause" does not include a belief that the lawsuit is groundless, or that it has been brought in an improper venue, or that the court has no jurisdiction over this matter or over the defendant or the defendant's property.

If the waiver is signed and returned, you can still make these and all other defenses and objections, but you cannot object to the absence of a summons or of service.

If you waive service, then you must, within the time specified on the waiver form, serve an answer or a motion under Rule 12 on the plaintiff and file a copy with the court.  By signing and returning the waiver form, you are allowed more time to respond than if a summons had been served.

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
HELENA DIVISION

| | |
|---|---|
| BRADLEY V. JACKSON, | CV 18-00001-H-DLC-JTJ |
| Plaintiff, | |
| vs. | |
| | Rule 4 Waiver of Service of Summons |
| MONTANA STATE PRISON, WARDEN MICHAEL FLETCHER, MARRISA BOSTWICK and TIFFANY MORRISON, | |
| Defendants. | |

TO:   The U.S. District Court for the District of Montana

The following Defendants acknowledge receipt of your request to waive service of summons in this case.  Defendants also received a copy of the Complaint (Doc. 2).  I am authorized by the following Defendants to agree to save the cost of service of a summons and an additional copy of the Complaint in this action by not requiring that the following individuals be served with judicial process in the case provided by Fed.R.Civ.P. 4:

_____; _____;

_____; _____;

_____; _____;

The above-named Defendants understand that they will keep all defenses or

1

objections to the lawsuit, the Court's jurisdiction, and the venue of the action, but waive any objections to the absence of a summons or of service.

Defendants also understand that they must file and serve an answer or a motion under Rule 12 within 60 days from the date when the Request for Waiver of Service of Summons was filed and if they fail to so default judgment will be entered against them.

Date: _____

_____
(Signature of the attorney
or unrepresented party)

_____
(Printed name)

_____
(Address)

_____
(E-mail address)

_____
(Telephone number)

2