IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
HELENA DIVISION



| | |
|---|---|
| BRADLEY V. JACKSON,<br><br>Plaintiff,<br><br>vs.<br><br>MONTANA STATE PRISON,<br>WARDEN MICHAEL FLETCHER,<br>MARRISA BOSTWICK and<br>TIFFANY MORRISON,<br><br>Defendants. | CV 18–1–H–DLC–JTJ<br><br>ORDER |

United States Magistrate Judge John T. Johnston entered his Order and Findings and Recommendations in this case on August 1, 2018, recommending the dismissal of Plaintiff Bradley V. Jackson's ("Jackson") due process claim and the dismissal of Montana State Prison as a defendant. (Doc. 6 at 9.) Jackson timely filed an objection. (Doc. 9.) Accordingly, Jackson is entitled to de novo review of those findings and recommendations to which he has specifically objected. 28 U.S.C. § 636(b)(1)(C). Absent objection, this Court reviews findings and recommendations for clear error. *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc); *Thomas v. Arn*, 474 U.S. 140, 149 (1985). Clear error exists if the Court is left with a "definite and firm conviction that a mistake

-1-

has been committed." *United States v. Syrax*, 235 F.3d 422, 427 (9th Cir. 2000) (citations omitted). "A party makes a proper objection by identifying the parts of the magistrate's disposition that the party finds objectionable and presenting legal argument and supporting authority, such that the district court is able to identify the issues and the reasons supporting a contrary result." *Montana Shooting Sports Ass'n v. Holder*, 2010 WL 4102940, at *2 (D. Mont. Oct. 18, 2010) (citation omitted).

Because Jackson is a prisoner proceeding in forma pauperis, Judge Johnston reviewed his Complaint pursuant to 28 U.S.C. § 1915 and § 1915A. Sections 1915A(b) and 1915(e)(2)(B) require the Court to dismiss a complaint filed in forma pauperis and by a prisoner against a government defendant before it is served if it frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from an immune defendant. Under this standard, Judge Johnston found that Jackson failed to state a due process claim and recommended that this claim be dismissed. (Doc. 6 at 6.)

Jackson alleged that on multiple occasions he was told he could not go to church if he wanted an education. He claims that Defendants forced him to choose between school and church. Jackson claims that this is a violation of the Fourteenth Amendment. (Doc. 2 at 6.)

Judge Johnston accurately laid out the proper legal standard for determining if Jackson stated a viable claim for a due process violation. (Doc. 6 at 5–6.) In order to state a cause of action for a deprivation of due process, a plaintiff must first identify a liberty interest for which the protection is sought. *Wilkinson v. Austin*, 545 U.S. 209, 221 (2005). The Due Process Clause does not confer a liberty interest in freedom from state action taken within a prisoner's imposed sentence. *Sandin v. Conner*, 515 U.S. 472, 480 (1995). A prisoner has a liberty interest protected by the Due Process Clause only where the restraint "imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Keenan v. Hall*, 83 F.3d 1083, 1088 (9th Cir. 1996) (quoting *Sandin*, 515 U.S. at 484). Judge Johnston found that because "the due process clause . . . does not create a liberty interest in prison education or rehabilitation classes," Jackson had failed to state a due process claim. (Doc. 6 at 6.)

Jackson objects to the dismissal of his due process claim on the basis that while Judge Johnston found that could not state a due process claim in relation to prison education, Judge Johnston did not decide whether Jackson could state a due process claim for a violation of his "Right to Freedom of Religion." (Doc. 9 at 1.) Because Judge Johnston did not decide this issue explicitly, this Court will review this claim de novo.

A complaint is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). "A case is malicious if it was filed with the intention or desire to harm another." *Andrews v. King*, 398 F.3d 1113, 1121 (9th Cir. 2005). A complaint fails to state a claim upon which relief may be granted if a plaintiff fails to allege the "grounds" of his "entitlement to relief." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal quotation marks omitted). Federal Rule of Civil Procedure 8(a)(2) requires a complaint to "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted).

Rule 8(a)(2) provides that a complaint "that states a claim for relief must contain . . . a short and plain statement of the claim showing that the [plaintiff] is entitled to relief." In order to satisfy the requirements in Rule 8, a complaint's allegations must cross "the line from conceivable to plausible." *Iqbal*, 556 U.S. at 680. There is a two-step procedure to determine whether a complaint's allegations cross that line. First, the Court must identify "the allegations in the complaint that are not entitled to the assumption of truth." *Id.* at 679. Factual allegations are not entitled to the assumption of truth if they are "merely consistent with liability," or "amount to nothing more than a formulaic recitation of the elements of a

-4-

constitutional claim." *Id.* at 679, 681 (internal quotation marks and citation omitted). Second, the Court must determine whether the complaint states a "plausible" claim for relief. *Id.* at 679. A claim is "plausible" if the factual allegations, which are accepted as true, allow "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. This inquiry is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679. If the factual allegations, which are accepted as true, "do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not show[n]—that the pleader is entitled to relief." *Id.* (internal quotation marks and citation omitted).

Construing Jackson's complaint liberally, as required, he has failed to allege a due process violation. *Erickson v. Pardu*, 551 U.S. 89, 94 (2007). Again, a prisoner has a liberty interest protected by the Due Process Clause only where the restraint "imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Keenan*, 83 F.3d at 1088 (quoting *Sandin*, 515 U.S. at 484). It is well settled that an inmate's religious freedoms may be curtailed when justified and reasonably related to legitimate penological interests. *Turner v. Safley*, 482 U.S. 78, 89 (1987). In light of this, and assuming the factual

-5-

allegations in Jackson's Complaint are true, the Court cannot find that being forced to choose between attending a religious ceremony and attending educational activities is an "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." Consequently, Jackson has failed to state a due process claim.

IT IS ORDERED that Judge Johnston's Order and Findings and Recommendations (Doc. 6) are ADOPTED IN FULL.

IT IS FURTHER ORDERED that Jackson's due process claim is DISMISSED.

IT IS FURTHER ORDERED that Defendant Montana State Prison is DISMISSED.

DATED this 17th day of October, 2018.

Dana L. Christensen, Chief Judge
United States District Court